## CIRCUIT COURT OF HANOVER COUNTY

John Bradley Crawford

v.

Harold W. Clarke,
Director, Dept. of Corrections

July 29, 2013

Case No. CL11001880-00

By Judge J. Overton Harris

Before the court is Respondent's Motion to Dismiss and Petitioner's Motion for an Evidentiary Hearing on the Petition for Writ of Habeas Corpus of John Bradley Crawford, who is currently incarcerated. The court heard argument on July 19, 2013, and took this matter under advisement. Following a thorough review of the pleadings and the law, the court finds as follows.

### I. *Background*

Petitioner was convicted of Murder/Felony pursuant to Va. Code § 18.2-32 and Abduction with intent to defile/Felony pursuant to Va. Code § 18.2-48 following a jury trial on December 5, 2008 The jury then fixed his sentence at seventy years in prison, and the court sentenced Petitioner in accord with the jury verdict.

Petitioner appealed to the Court of Appeals of Virginia. That court denied the appeal by an opinion dated November 19, 2009. Petitioner then pursued his appeal in the Supreme Court of Virginia and was similarly denied by order dated November 15, 2010.

Petitioner filed a petition for a writ of habeas corpus in this court on November 15, 2011, alleging ineffective assistance of counsel because his lawyer at his trial failed to present evidence that:

Claim A: a pickup truck identified by two different witnesses as being present at the scenes of the crimes "could not be linked to Petitioner in any manner;"

Claim B: (i) Petitioner told sisters K.S. and L.S. that he was paid to kidnap them and wanted a two thousand dollar ransom; (ii) Petitioner committed a breaking and entering and a larceny on May 12, 1981, "just days before abducting the girls for a ransom," after which he fully confessed to the property crimes; and, (iii) at or around the time of the abduction of the K.S. and L.S., Petitioner owed an acquaintance . . . approximately two thousand dollars;

Claim C: (i) another [person], [Smith], lived near the locations of the crimes, had access to a truck with a ladder rack, was previously convicted of sexual offenses against children, and offered a false out-of-state alibi for his whereabouts around the time A.G. was abducted and murdered; and, (ii) the police failed to connect Smith to the abduction and murder of A.G.

Excerpt from Respondent's Motion to Dismiss summarizing Petitioner's claims, pp. 2-3.

Respondent also had a Claim D, which will be addressed separately below.

## II. *Standard of Review*

These claims share the standard of review laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). Any ineffectiveness of counsel claimant must satisfy a two-pronged test to succeed. *Id.*, at 687. The first prong demands proof that counsel's performance "fell below an objective standard of reasonableness." *Id.*, at 687-688. Such proof must overcome a strong presumption that counsel's actions "might be considered sound trial strategy." *Id.*, at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The second prong demands proof that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694. The Court need not analyze the petition's satisfaction of one prong should it fail to meet the other. *Id.*, at 697.

*III. Petitioner's Claims*

## A. *Claim A*

Petitioner claims trial counsel was ineffective for failing to present evidence regarding a pickup truck with a ladder rack and ladder observed by two witnesses near the scene and that Petitioner could not be linked to the suspect pickup truck.

This claim fails the first prong of the *Strickland* test. The parties stipulated at trial investigations regarding the truck were inconclusive and "did not implicate any person. . . ." Tr., at 945. It is reasonable trial counsel would have weighed and considered the risks associated with not stipulating to this portion of the evidence and thus made a decision to agree to the stipulation as part of his trial strategy. The court finds this stipulation at trial was objectively reasonable and not constitutionally deficient.

## B. *Claim B*

Petitioner claims trial counsel was ineffective for failing to cross-examine K.S. with her statements to law enforcement officers regarding what the Petitioner told her about why he was abducting her and her sister (for ransom) and for failing to present evidence of a separate, unrelated crime committed by Petitioner for pecuniary gain during that time period and that Petitioner owed money to another person, during that time period.

This claim fails the first prong of the *Strickland* test. Which questions trial counsel chooses to ask a witness is clearly trial strategy. Trial counsel questioned K.S. about statements to her by the Petitioner concerning ransom. Tr., p. 456, line 9. Trial counsel obviously considered and sought an opportunity to develop an evidentiary basis to distinguish the abductions of K.S. and L.S. (as being for pecuniary gain) from the abduction of A.G. (with the intent to defile). Petitioner now asserts the testimony of K.S. in response was inconsistent with her statements to police at the time of her abduction twenty-seven years earlier to the extent she previously told police the Petitioner stated he had been paid to abduct her and her sister and he wanted a "ransom" for their return. At trial she denied such a statement from Petitioner and asserted they had assumed ransom was his intent. Importantly, K.S. went on to testify that Petitioner never made a call for a ransom. *Id.*, at line 21. Trial counsel could have reasonably determined that further questions concerning Petitioner's statements of intent would have been useless and that further attempts at impeachment would have risked the appearance of berating a victim of the Petitioner in front of the jury. The court finds trial counsel's decision not to press K.S. further on cross-examination was objectively reasonable and not constitutionally deficient.

Likewise, the other portions of Claim B fall squarely within the field of trial strategy. Trial counsel's decision not to introduce evidence of a separate

unrelated crime committed by the Petitioner for pecuniary gain (on a theory that such evidence would have established that Petitioner was in need of money at the time of the abduction of K.S. and L.S. and thus would have supported an argument for dissimilarity between the crimes against A.G. and these two other victims of the Petitioner) was objectively reasonable and not constitutionally deficient where Petitioner had previously pleaded guilty to the abduction of the other two victims with the intent to defile.

Finally, trial counsel's decision not to present evidence that, at the time of the abduction of the two other victims, Petitioner owed an acquaintance money was objectively reasonable and not constitutionally deficient where such evidence, standing alone, was irrelevant and inadmissible.

## C. *Claim C*

Petitioner claims trial counsel was ineffective for failing to present evidence of another person's purportedly false alibi.

This claim fails the first prong of the *Strickland* test. Assuming *arguendo*, Smith's alibi was false, there is nothing to indicate that trial counsel knew of the false alibi at the time of trial. What was unknown to law enforcement officers at the time would likely not have been known by trial counsel. The Court finds not introducing such evidence concerning another person which was unknown to trial counsel was objectively reasonable and not constitutionally deficient.

## D. *Claim D*

Because Claims A, B, and C fail the first prong of the *Strickland* test, there is no need to further analyze the claims for prejudice either singularly or cumulatively.

## IV. *Conclusion*

Having found all of Petitioner's claims to fail as a matter of law, this Court grants Respondent's Motion to Dismiss.